UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| AARIKA LEE WILSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 23-173-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FMC LEXINGTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Federal inmate Aarika Wilson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court screens her petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). The following facts are relevant to disposition of the petition.

In September 2021, Wilson was indicted in Corpus Christi, Texas for possession of methamphetamine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). She reached an agreement with the government to plead guilty. In May 2022, Wilson was sentenced to 120 months imprisonment. *United States v. Wilson*, No. 2: 21-CR-855-1 (S.D. Tex. 2021) [Record Nos. 1, 25, 39 therein].

Wilson arrived in June 2022 at the Federal Medical Center in Lexington, Kentucky to serve her sentence. [Record No. 1 at 10] Once there, she promptly filed inmate grievances regarding the place of her confinement, asserting the need to be closer to her ailing parents and her desire to live closer to her two young sons. Wilson contended that the First Step Act of 2018 ("FSA") requires the Bureau of Prisons to confine her within 500 miles of her home in

Texas. The BOP denied her grievances and appeals, consistently asserting that, pursuant to BOP Program Statement 5100.08, Wilson would not be considered for a "near release transfer" until she had served 18 consecutive months in the general population with a clear conduct record. *See Id*. at 10-16. Wilson filed her petition in this Court shortly after exhausting her administrative remedies. She reasserts her position that the FSA requires prison placement within 500 miles of her home and seeks an order compelling the BOP to transfer her to a federal prison in Texas. [Record No. 1 at 2-5]

Wilson's petition will be dismissed because the relief she seeks may not be obtained through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006). Wilson does not seek immediate or earlier release from custody. Therefore, her challenge to the place of her incarceration is a claim that must be pursued, if at all, through a civil rights action. *Cf. Crosby v. True*, 826 F. App'x 699, 700-01 (10th Cir. 2020) (affirming dismissal of "closer to home" transfer request pursuant to FSA as not cognizable in § 2241 petition); *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882, 884 (3d Cir. 2007) (holding that request for "garden variety prison transfer" not cognizable in habeas). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Owen v. Sepanek*, Civil Action No. 14--158-HRW, 2014 WL 6610169, at *2-3 (E.D. Ky. Nov. 19, 2014) ("It is well established that challenges to a prisoner's classification or place of confinement ... are 'conditions of confinement' claims which may only be asserted in a civil

rights action under 28 U.S.C. § 1331.") (collecting cases). The foregoing would require, at a minimum, dismissal of the § 2241 petition without prejudice to allow the prisoner to assert her claims in a civil rights complaint. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

But two further considerations require dismissal of the petition. The FSA amended 18 U.S.C. § 3621(b) to provide that the BOP shall "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence." Notwithstanding this language, section 3621(b) still preserves the BOP's discretion to consider all pertinent factors in making placement decisions, including "bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns." Thus, the text of the statute refutes Wilson's contention that the BOP is required to place her in any particular prison.

Next, and more fundamentally, the statute expressly states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." The undersigned agrees with courts that have held that, through this language, "Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment." *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021). *See also Wills v. Barnhardt*, No. 1: 20-CV-01737-DDD, 2021 WL 3849408, at *3 (D. Colo. Aug. 27, 2021) (collecting cases), *aff'd*, No. 21-1383, 2022 WL 4481492, at *3-4 (10th Cir. Sept. 27, 2022) (rejecting the argument that § 3621(b)'s

jurisdiction-stripping language does not apply to constitutional challenges to the procedures used to make a determination or the substance of the resulting placement decision).

Accordingly, it is hereby

**ORDERED** that Aarika Lee Wilson's Petition for a Writ of Habeas Corpus [Record No. 1] is **DISMISSED** for lack of jurisdiction and this matter is **STRICKEN** from the docket.

Dated: August 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky